UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JULIA ROSE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-10486-IT |
| | * | |
| AJIT PAI, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

June 16, 2020

TALWANI, D.J.

Plaintiff, proceeding under the pseudonym "Julia Rose," has filed a Complaint [#1], Motion to Suppress Identity of Plaintiff [#2], Motion for Leave to Proceed *in Forma Pauperis* [#3], and Notice of a Constitutional Question [#4].

Upon review of Plaintiff's *pro se* filings, the court hereby orders:

1.  The Motion for Leave to Proceed *in Forma Pauperis* [#3] is GRANTED.

2.  The Motion to Suppress Identity of Plaintiff [#2] is DENIED. As a general matter, parties may not litigate their disputes anonymously. See Fed. R. Civ. Proc. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."); Fed. R. Civ. Proc. 17(a) ("An action must be prosecuted in the name of the real party in interest."). "[A]nonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." Doe v. Village of Deerfield, 819 F.3d 372, 377 (7th Cir. 2016). "Nevertheless, permitting a party to proceed anonymously may be

warranted in exceptional circumstances, such as matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." <u>Patrick Collins, Inc. v. Does 1-38</u>, 941 F. Supp. 2d 153, 161 (D. Mass. 2013).

Plaintiff has not presented the type of exceptional circumstances that warrant permission to proceed anonymously. Her claims concern the alleged failure of a federal official to prevent frequency overuse of an antenna tower and the installation of 5G cell towers by a wireless company. Plaintiff states that, if she were to prevail, wireless companies and ancillary corporations could lose millions of dollars. She fears that, if she succeeds in this lawsuit, her family could be the target of harassment or even violence. However, these assertions are insufficient to show a real danger of physical harm if she were to proceed under her real name.

If Plaintiff wishes to pursue this action, she must, within twenty-one (21) days, file an amended complaint in which she uses her true name. Failure to comply with this directive will result in dismissal of this action without prejudice.

Because Plaintiff is proceeding *in forma pauperis*, summonses will not issue until the court reviews the amended complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

   IT IS SO ORDERED.

                                            /s/ Indira Talwani  
                                            United States District Judge

June 16, 2020